UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THOMAS JOHN LINDBERG,

              Petitioner,

v.

MARY BERGHUIS,

              Respondent.
_____/

Case No. 1:05-CV-322

Hon. Richard Alan Enslen

**FINAL ORDER**

       Petitioner Thomas John Lindberg has objected to United States Magistrate Judge Ellen S.

Carmody's Report and Recommendation of June 2, 2005, which has recommended the summary

dismissal of the Petition for Writ of Habeas Corpus on the ground that Petitioner's filing is outside

the one-year limitation period of 28 U.S.C. § 2244(d)(1).  In accordance with 28 U.S.C. §

636(b)(1)(B), this Court now reviews the objections and pertinent portions of the record *de novo*.

       Upon such review, the Court finds that the Report and Recommendation should be adopted

and the Petition dismissed as untimely.  According to the Petition, Petitioner was convicted of a

Michigan state offense in 1991 and pursued state appeals through 1993.  The 1991 sentence was a

lengthy one, made lengthier by the fact that it was imposed consecutive to a lengthy sentence for

parole violation.  According to Petitioner, he did not file a motion for relief from judgment with the

state courts relating to the 1991 sentence until January 31, 2003.  His instant Petition is dated April

19, 2005, which date is assumed to be its mailing and filing date.  *See Houston v. Lack*, 487 U.S.

266, 270-72 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Notwithstanding the Objection, the Petition is clearly time-barred.  The sole habeas issue

asserted (ineffective assistance of counsel on Petitioner's appeal, Pet. at 5) relates to the appeal of

Petitioner's state sentence imposed in 1991.[1]  Petitioner's initial one-year limitation period would

have expired in 1994 (one year after it accrued following the adverse decision of the Michigan Court

of Appeals in 1993).[2]  His one-year "grace period" began to run on the effective date of the

Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 12142003 – April 24,

1996 and it expired a year and a day later--on April 25, 1997.[3]

While Petitioner is untrained in the law and has claimed the benefit of equitable tolling, such

relief is granted sparingly.  *See Jurado*, 337 F.3d at 642.  The burden of establishing equitable tolling

is on the Petitioner.  *Id.*  To make such a showing, Petitioner must show that: (1) he was diligently

pursuing his rights; and (2) some extraordinary circumstances stood in the way of his timely

---

[1]Contemporaneous with the filing of his Petition, Petitioner has also sued the Michigan Parole Commission concerning his recent treatment on parole.  However, this fact is irrelevant to the timing calculation since the issue asserted in the Petition relates to his 1991 sentence. Furthermore, if Petitioner wished to assert a more recently accruing claim concerning the execution of his sentence, then it was incumbent upon him to specifically assert such issue or issues in the Petition (as well as moving for relief under 28 U.S.C. § 2241 and explaining his exhaustion of state remedies as to the issue or issues asserted).

[2]Petitioner claims that appellate counsel made a mistake by moving for relief in the trial court as opposed to further appealing the 1993 decision of the Michigan Court of Appeals to the Michigan Supreme Court.  This means, of course, that his substantive claim also fails.  Petitioner can show no constitutional violation because he had no constitutional right to have his counsel file a discretionary appeal to the Michigan Supreme Court.  *Ross v. Moffitt,* 417 U.S. 600, 610 (1974); *see also Halbert v. Michigan*, 125 S. Ct. 2582, 2587 (U.S. June 23, 2005) (recognizing holding in *Ross*).

[3]According to the precedent of this Circuit, a person who was convicted before the effective date of the AEDPA gets the benefit of a one-year grace period.  *See Jurado v. Burt,* 337 F.3d 638, 640 (6th Cir. 2003).

compliance. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (U.S. Apr. 27, 2005). In this case, Petitioner has made no such showing and the lengthy equitable extension sought is unwarranted.

Pursuant to 28 U.S.C. § 2253(c), the Court must assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the motion is debatable among reasonable jurists or otherwise adequate to deserve encouragement. Upon review of the sole issue asserted and the strong substantive and procedural reasons for denying relief, the Court determines that this standard is not met.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Thomas John Lindberg's Objection (Dkt. No. 8) is **DENIED**, United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of June 2, 2005 (Dkt. No. 7) is **ADOPTED**, and the instant Petition for Writ of Habeas Corpus is summarily **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to the sole issue asserted.

|  |  |
|---|---|
|  | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| July 18, 2005 | UNITED STATES DISTRICT JUDGE |